UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER E. BROWN,
                Plaintiff,

      v.

McKINLEY MALL, LLC,
                Defendant.
_____

**DECISION
and
ORDER

15-CV-1044G(F)**

APPEARANCES:        ALAN DONATELLI, ESQ.
                          Attorney for Plaintiff
                          Main-Summer Building
                          11 Summer Street, 3rd Floor
                          Buffalo, New York 14209

                          KU & MUSSMAN, P.A.
                          Attorneys for Plaintiff
                          LOUIS I. MUSSMAN, of Counsel
                          18501 Pines Boulevard, Suite 209-A
                          Pembroke Pines, Florida 33029

                          COLUCCI & GALLAHER, P.C.
                          Attorneys for Defendant
                          PAUL G. JOYCE,
                          TORREY E. GRENDA, of Counsel
                          2000 Liberty Building
                          424 Main Street
                          Buffalo, New York 14202-3695

In this action alleging violations of the American with Disabilities Act's ("ADA") requirements respecting handicapped access to public accommodations such as the large suburban shopping mall operated in this district by Defendant ("the McKinley Mall"),[1] Plaintiff, by papers filed February 3, 2017 (Dkt. 28), moves to compel Defendant's answers to Plaintiff's Interrogatories and related document production, and

---

[1] Plaintiff also alleges violations of the N.Y. Exec. Law § 296[2](a) and N.Y. Civil Rights Law § 40 *et seq.*, providing relief similar to the ADA with respect to handicapped access to public accommodations ("Plaintiff's state claims").

answers to Plaintiff's Requests for Admission ("Plaintiff' motion").  Defendant's opposition was filed February 24, 2017 (Dkt. 30) ("Defendant's Memorandum"); Plaintiff's reply was filed March 2, 2017 (Dkt. 32) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

1.    <u>Plaintiff's Interrogatory and Document Production Requests</u>.

At issue on Plaintiff's motion is Plaintiff's Interrogatory No. 10 which requests Defendant to state Defendant's most recent fiscal year "cash and cash equivalent; investments, and earnings and cash flow for the prior fiscal year" ("Plaintiff's Interrogatories").  Plaintiff's related document requests seek Defendant's tax returns for the past three years (Request No. 5), documents reflecting Defendant's financial projections or estimations regarding Defendant's future growth (Request No. 6), Defendant's profitability for its last three years (Request No. 17), Defendant's financial resources for the past three years (Request No. 18), Defendant's annual operating budget for the past three years (Request No. 19), documents reflecting Defendant's "overall financial resources" for the past three years (Request No. 20), documents reflecting Defendant's gross receipts for the past three years (Request No. 24), gross receipts for the McKinley Mall for the past three years (Request No. 25), and all audited financial statements and similar documents for the McKinley Mall for the past three years (Request No. 31) ("Plaintiff's Document Requests") (together "Plaintiff's Discovery Requests").

Plaintiff's Requests for Admission, to which Defendant objected and refused to answer, request Defendant admit or deny that Defendant's property includes designated

[handicapped][2] accessible parking space(s) with slopes in excess of 1:48 (Request No. 11), curb ramp(s) with running slopes in excess of 1:12 (Request No. 12), curb ramp(s) with side flare slopes in excess of 1:10 (Request No. 13), curb ramp(s) which do not provide a level landing (Request No. 14), curb ramp(s) which do not provide smooth transitions (Request No. 15), sidewalk(s) with running slopes in excess of 1:20 but lacking handrails (Request No. 16), sidewalk(s) with cross slopes in excess of 1:48 (Request No. 17), and exterior tenant entrances which lack level landings, *i.e.*, where the slope in front of the door is greater than 1:48 (Request No. 18) ("Plaintiff's Requests to Admit").

In response, Defendant objected to Plaintiff's Interrogatories asserting, as pertinent to Plaintiff's motion, that Plaintiff's Interrogatory is vague and ambiguous, overly broad, lacks relevancy, is unduly burdensome, and seeks confidential and proprietary information. Defendant also objects to Plaintiff's Document Production requests on similar grounds of overbreadth, undue burdensomeness, vagueness, proprietary information, and lack of relevancy. As to Plaintiff's Document Request Nos. 25 and 31, Defendant also objects on the ground that Plaintiff's definition of "Subject Property" to which the requests pertain includes ownership of real estate, which is included in the McKinley Mall, by entities other than Defendant. In response to Plaintiff's Requests to Admit, Defendant objects on grounds of vagueness, and that Plaintiff's reference of Defendant's Property includes real property neither owned nor operated by Defendant, fails to specifically define the areas or structures, *e.g.*, curb ramps, to which Plaintiff's Requests to Admit apply, that Plaintiff's Requests to Admit seek admissions as to a pure question of law, such areas or structures were created

---

[2] Unless indicated otherwise bracketed material added.

3

prior to 1992, the effective date of the ADA, and because Defendant is neither an architectural nor legal expert, Defendant is unable to admit or deny Plaintiff's Discovery Requests.

In response, Plaintiff contends Plaintiff's Discovery Requests seek relevant information as permitted by the ADA, specifically, 42 U.S.C. § 12181(b)(2)(A)(iv), which provides that with respect to properties like the McKinley Mall constructed prior to the enactment of the ADA in 1992, a plaintiff must establish that requested compliance with ADA handicapped access requirements such as at issue in the instant matter be "readily achievable," and that among the factors relevant to this issue, the court should consider "[t]he overall financial resources of the facility or facilities involved in the action."

For public accommodation facilities such as the McKinley Mall, *see* 48 U.S.C. § 12181(7)(E), constructed prior to 1992 when the ADA was enacted, discrimination against a person with a disability, *i.e.*, handicapped, occurs at a public accommodation when the owner of the facility fails to remove architectural or structural barriers preventing access by such persons to the facility "where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). These access requirements also apply to any later alterations to any facility constructed prior to 1992 if the resulting change affects the useability of a building or facility. *See* 28 C.F.R. § 36.402(a). Removal of the barriers to access is readily achievable if the removal is "easily accomplish[ed] and . . . [can] be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). "In determining whether a proposed remedial action is readily achievable, factors to be considered [as relevant] include . . . (B) the overall financial resources of the facility or

facilities involved in the action . . . .," [and] (C) the overall financial resources of the covered entity . . .[ ]." *Id.* In deciding the merits of a claim brought pursuant to the ADA, it is the plaintiff's burden to suggest "'a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits.'" *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 189 (2d Cir. 2013) (quoting *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 378 (2d Cir. 2008)), upon which the burden of non-persuasion shifts to the defendant. *See Roberts*, 542 F.3d at 370. Here, in addition to Defendant's objections based on undue burdensomeness, vagueness and relevancy, Defendant asserts that Plaintiff lacks standing arising from the unlikelihood Plaintiff will ever return to attempt access to the McKinley Mall by virtue of the fact that Plaintiff resides in the New York City area, Dkt. 30 at 2-3, and that Plaintiff has failed to satisfy Plaintiff's initial burden to show that the costs of the barrier removal Plaintiff seeks is "readily achievable," *viz.*, cost-effective. Dkt. 30 at 4-7.

At the outset, Defendant's objection that Defendant need not respond to Plaintiff's Discovery Requests at issue because, as an instigator of ADA claims, Plaintiff lacks standing, and has failed to show, *prima facie,* Plaintiff's barrier removal demands are readily achievable, overlooks the fact that despite such contentions, which conceivably could be relevant to a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), or for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), Defendant, according to the docket has, prior to Plaintiff's service of Plaintiff's Discovery Requests and Requests to Admit, made no such motions. As such, for the purposes of Plaintiff's motion, Plaintiff's ADA and Plaintiff's state claims remain in the case and cannot be avoided by Defendant's contentions. *See* Fed.R.Civ.P. 26(b)(1)

(parties may obtain discovery on any matter relevant to any party's claim or defense). If Defendant wished to avoid discovery under Defendant's theories of Plaintiff's asserted lack of standing and failure to plead a *prima facie* ADA claim, it was incumbent on Defendant to timely file a motion to dismiss asserting such grounds and request discovery be stayed pending a ruling on Defendant's putative motions. However, Defendant did not do so. Defendant's objection to Plaintiff's Discovery Requests on these grounds is therefore without merit and OVERRULED.

Defendant's objections based on overbreadth, undue burdensomeness and vagueness fare no better. Absent an affidavit from a person with personal knowledge of the factual nature of an alleged undue burden arising from a discovery request pursuant to the Federal Rules of Civil Procedure, such generalized assertions that a discovery request is unduly burdensome will be overruled. *See Strom v. Nat'l Enterprise Systems, Inc.*, 2010 WL 1533383, at *4 (W.D.N.Y. Apr. 15, 2010) (citing caselaw). Here, Defendant has provided no such required affidavit in support of its burdensomeness objection and, accordingly, Defendant's objection based on burdensomeness is OVERRULED.

Plaintiff's Interrogatories include requests for a variety of financial information directed to Defendant's ability to absorb the costs of the barrier removals stated by Plaintiff to be approximately $69,000. Dkt. 32 at 6. Specifically, Plaintiff's Interrogatory No. 10 seeks the amount in dollars of Defendant's cash and cash equivalents, investments, earnings and cash flow. As these are commonly recognized accounting terms (and Defendant does not contend otherwise) applicable to for-profit businesses (which Defendant presumably is), it is difficult to understand how Defendant, the owner

6

of a major suburban shopping mall, would reasonably find such terms vague or ambiguous. Defendant's objections on this ground are therefore OVERRULED. Further, as Plaintiff's Discovery Requests are limited to Defendant's most recent previous fiscal year, the requests can hardly be considered overly broad. The same may be said for Plaintiff's Document Requests seeking Defendant's tax returns, budget projections and other financial information. As to Defendant's objection that such information is proprietary, this issue should (and should have been prior to Plaintiff's motion) be resolved by execution of a reasonably acceptable confidentiality agreement.[3] Defendant's contention that the properties to which Plaintiff's Discovery Requests pertain include real estate which, although physically part of the McKinley Mall, is not actually owned by Defendant such that the requests are therefore overbroad is also meritless, given that Plaintiff has agreed to limit Plaintiff's Discovery Requests to properties which are in fact owed by Defendant. *See* Dkt. 28-1 at 8. Accordingly, Defendant's objections to Plaintiff's Discovery Requests on these grounds are also OVERRULED.

Nor is there any merit in Defendant's objection based on a lack of relevance. The ADA itself makes the financial circumstances of a property owner accused of discrimination based on a refusal to remove barriers to access to a public accommodation under the ADA, such as the McKinley Mall, a relevant factor to be considered on the question of whether a proposed barrier removal is readily achievable. *See* 42 U.S.C. § 12181(9). Thus, there can be little doubt that the information regarding Defendant's finances and capacity to implement Plaintiff's recommended removal of the alleged access barriers existing at the McKinley Mall are relevant to Plaintiff's ADA and

---

[3] Any further delay in accomplishing this routine task will require that the court direct its own order.

state law claims and Defendant's objection on this ground must be similarly OVERRULED.  As Defendant's relevancy objections to Plaintiff's document requests related to Defendant's financial condition raise the same issues addressed, *supra*, with respect to Plaintiff's Interrogatory No. 10, Defendant's objections to Plaintiff's Document Requests 5, 6, 17-20, 24-25 and 31 are OVERRULED for the same reasons.

2.  Plaintiff's Requests to Admit.

As noted, Plaintiff served Defendant with seven Requests For Admission pursuant to Fed.R.Civ.P. 36(a) ("Rule 36(a)").  Specifically, Plaintiff requests Defendant admit that various architectural or structural features of Defendant's property, particularly parking areas, curb ramps, sidewalks and exterior tenant entrances to the McKinley Mall, display certain physical characteristics such as slopes that exceed ratios as provided in regulations promulgated under the ADA.  *See, e.g.,* Plaintiff's Request No. 11 which requests Defendant to admit or deny that Defendant's property includes designated accessible parking space(s) with slopes in excess of 1:48 as mandated by the ADA Accessibility Guidelines, 36 C.F.R. Pt. 1191 Appx. D § 502 ("the Guidelines"); Plaintiff's Request No. 18 which requests Defendant admit or deny that Defendant's property includes tenant entrances which lack level landings, *i.e.*, where the slope in front of the door to the entrance from outside is greater than 1:48 as mandated under 36 C.F.R. Pt. 1191 Appx. D § 405.[4]  Defendant objects to Plaintiff's Discovery Requests asserting they are improper and overbroad.  Dkt. 30 at 9.  Defendant also contends that admitting to Plaintiff's Discovery Requests is tantamount to requiring Defendant admit

---

[4] Neither party's papers include specific citations to the ADA's Accessibility Guidelines pertinent to each of Plaintiff's requests; however Defendant does not dispute that the architectural or structural features to which each Request to Admit relates represents a requirement imposed by regulations as the two examples given by the court indicate.  The court therefore presumes Defendant concedes the existence and applicability of the ADA Guidelines to each of Plaintiff's Requests to Admit; nothing in Defendant's Memorandum suggests otherwise.

liability for Plaintiff's ADA and state law claims and a violation of law, *i.e.*, the ADA, which is beyond the scope of a Rule 36(a) request. Dkt. 30 at 10. Defendant also argues that Plaintiff's use of the terms "slope," "running slope," and "side flare slope," are undefined by Plaintiff's Requests to Admit and are therefore impermissibly vague thus providing Defendant with grounds to refuse to respond to Plaintiff's Requests to Admit. Dkt. 30 at 10. Defendant also maintains that Plaintiff's use of the term "tenant entrances" includes entrances not open to the public and for that reason Plaintiff's Requests to Admit as to this issue, Request No. 18, are overly broad. Finally, Defendant asserts that in order to respond to Plaintiff's Requests to Admit, Defendant would be required to hire an expert with the capability of accurately measuring the areas of the McKinley Mall to which Plaintiff's Requests pertain without an adequate definition by Plaintiff of such areas and that because the McKinley Mall encompasses approximately 50 acres of parking space, taking such measurements would impose an undue burden on Defendant not required by Rule 36(a). Dkt. 30 at 10. *See generally* Defendant's Response To Requests For Admission, Dkt. 30-4.

In contrast, Plaintiff contends that insofar as Plaintiff's Requests to Admit request Defendant to admit various exterior physical features of its property, such as a parking area that possesses a particular physical characteristic such as an incline or slope defined by a particular maximum ratio such as 1 to 48 as the Guidelines provide, the requests are only for Defendant to admit to a fact and not, as Defendant asserts, a proposition of law which is a form of admission outside the scope of Rule 36(a)(1)(A) ("A party may serve a written request to admit . . . facts, the application of law to fact, or opinion about either."). Even if admitting such a fact also effectively admits non-

compliance by Defendant with the Guidelines applicable to any of the architectural or structural features to which Plaintiff's Requests to Admit are directed, such requested admission would request an admission as to the application by law (the requirements imposed by the Guidelines) to a fact (the ascertained and admitted slope ratio of a particular area such as a parking space or entrance to a tenant store from outside, a form of admission permitted by Rule 36(a)(1)(A) (*i.e.*, the application of law to facts). Thus, there is no merit to Defendant's refusal to respond to any of Plaintiff's Requests to Admit on this ground, and Defendant's objection is therefore OVERRULED. Nor is there any merit to Defendant's related objection that Plaintiff's requests fail to adequately define certain terms in the requests, such as "slope," which Defendant contends is necessary to enable Defendant to accurately respond. The terms to which Defendant objects are defined by the Guidelines. *See, e.g.*, 36 C.F.R. Pt. 1191 Appx. CF 106.5 (providing definitions for curb ramps, running slopes, and cross slopes); *see also* www.ada.gov (for additional ADA definitional information) relative to these features. As a major regional public accommodation subject to the ADA, Defendant, and competent counsel, may be reasonably expected to be familiar or, when confronted with a claim under the ADA, to become familiar with these definitional sources. Thus, Defendant can readily ascertain the legal meaning of the terms used by Plaintiff's Requests to Admit in formulating Defendant's answers, and Defendant's objection that Plaintiff's Requests to Admit request Defendant 'guess' at its peril as to the meaning of the various terms used in Plaintiff's Requests to Admit is also without merit and is OVERRULED as such.[5]

---

[5] The court recognizes that Defendant's responses to Plaintiff's Requests to Admit would have been facilitated if Plaintiff had provided the definition of the architectural or structural features at issue along

10

Defendant also contends that because Plaintiff fails to identify the specific curb ramps, sidewalks and tenant entrances located within the McKinley Mall to which Plaintiff's Requests to Admit pertain, and given that the McKinley Mall includes over 50 acres of parking, Defendant is unable to answer. Plaintiff does not directly respond to this objection. Rule 36(a)(4) permits an answering party to decline to admit or deny a request if the answering party "state[s] in detail why the answering party cannot truthfully admit or deny it, provided the party also states that it has made reasonable efforts to enable it to answer." *See* Fed.R.Civ.P. 36(a)(4). The burdensomeness of a Rule 36(a) request is recognized as a sufficient ground to decline an answer. *See* Advisory Committee Notes (1970 Amendment) Federal Civil Judicial Procedures and Rules (2017 Ed. Thomson Reuters) at 175. However, Rule 36(a)(4) also, as indicated, requires that where an answering party refuses to answer based on a "lack of knowledge or information," the party must state it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Here, although Defendant asserts that it lacks the capability to obtain measurements of all of the parking areas designated for handicapped parking within Plaintiff's Requests to Admit, and that Plaintiff has failed to identify which curb ramps and sidewalks may have slopes which exceed the maximums permitted by the ADA Guidelines, nowhere in Defendant's opposition does Defendant indicate what, if any, efforts, including reviewing construction documents, blueprints and site plans for the McKinley Mall, it has made to ascertain whether, based on such documents or Defendant's own inspection, any of its handicapped parking areas, curb ramps or sidewalks as denominated by Plaintiff's Requests to Admit, in fact have slopes and other characteristics exceeding the ratios as

---

with specific references to the relevant ADA regulations and Guidelines.

11

stated in Plaintiff's Requests to Admit at issue.  Nor has Defendant indicated it has made any effort to undertake such reasonable inquiries based on its review of the published regulatory definitions of the terms curb landings, ramps, ramps with side flares, slopes and the other alleged barriers as described in Plaintiff's Requests to Admit to assist Defendant in performing such reasonable inquiry as required by Rule 36(a)(4) to enable it to answer all of Plaintiff's Requests to Admit without necessitating Plaintiff's motion.  In short, Defendant has failed to demonstrate that the information needed to enable Defendant to fully answer Plaintiff's Discovery Requests is not "readily obtain[able]" as Rule 36(a)(4) requires to justify Defendant's refusal to answer.  Accordingly, Defendant's objections to Plaintiff's Requests to Admit based on vagueness and burdensomeness are OVERRULED.  Although where an answering party fails to respond to a Rule 36(a)(1) request the court may deem such failure to be an admission, Rule 36(a)(6), the court  may instead direct the party to serve an amended answer.  *Id.*  Here, the court finds Defendant should be given an opportunity to file amended answers to Plaintiff's Requests to Admit which fully comply with the requirements of Rule 36(a)(4) as discussed, *supra*.

3. <u>Sanctions</u>.

Where a responding party's refusal to provide discovery requires a motion to compel, the responding party's refusal is found to be not substantially justified, and an award of expenses would not in the circumstances be unjust, an award of the moving party's expenses including reasonable attorneys fees is required.  *See* Fed.R.Civ.P. 37(a)(5) ("Rule 37(a)(5)").  Similarly, an answering party which served inadequate answers to a request to admit pursuant to Rule 36(a)(1) requiring a motion to compel is

also subject to an award of expenses in accordance with Rule 37(a)(5). *See* Fed.R.Civ.P. 36(a)(1); *McCarthy v. Ameritech Pub. Inc.*, 763 F.3d 488, 493-94 (6th Cir. 2014). As Defendant's failure to provide proper answers to Plaintiff's Interrogatories, production in response to Plaintiff's related Document Requests addressed to Defendant's finances, and Plaintiff's Requests to Admit at issue on Plaintiff's motion does not appear to have been substantially justified, Defendant shall show cause, by papers filed within 14 days of this Decision and Order, why Plaintiff's expenses incurred in connection with Plaintiff's motion should not be awarded pursuant to Rule 37(a)(5)(B). Plaintiff's response shall be due 10 days thereafter; Defendant's reply may be filed within five days thereafter. Oral argument shall be at the court's discretion.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 28) is GRANTED. Defendant's responses to Plaintiff's Discovery Requests and amended answers to Plaintiff's Requests to Admit shall be served within 20 days of this Decision and Order. Within 10 days of this Decision and Order the parties shall meet and confer and file, either jointly or individually, a proposed amended scheduling order to the extent necessary taking into account the delay necessitated by the court's determination of Plaintiff's motion and the time required for Defendant's compliance with this Decision and Order.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2017
       Buffalo, New York