UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER E. BROWN,                                    DECISION
                   Plaintiff,                              and
   v.                                                              ORDER

McKINLEY MALL, LLC,                                      15-CV-1044G(F)
                   Defendant.
_____

APPEARANCES:        ALAN DONATELLI, ESQ.
                            Attorney for Plaintiff
                            Main-Summer Building
                            11 Summer Street, 3rd Floor
                            Buffalo, New York  14209

                            KU & MUSSMAN, P.A.
                            Attorneys for Plaintiff
                            LOUIS I. MUSSMAN, of Counsel
                            18501 Pines Boulevard, Suite 209-A
                            Pembroke Pines, Florida   33029

                            COLUCCI & GALLAHER, P.C.
                            Attorneys for Defendant
                            PAUL G. JOYCE,
                            TORREY E. GRENDA, of Counsel
                            2000 Liberty Building
                            424 Main Street
                            Buffalo, New York  14202-3695

Before the court in this American with Disabilities Act case, Plaintiff, in accordance with this court's Decision and Order (Dkt. 50) granting Plaintiff's request for sanctions in connection with Plaintiff's prior motion to compel (Dkt. 28) (Plaintiff's motion"), requests $14,580 as reasonable attorneys fees incurred in the prosecution of Plaintiff's motion based on 48.6 hours of time expended by Plaintiff's counsel (Plaintiff's Request"). Defendant does not object to Plaintiff's attorney's hourly rate of $300, rather Defendant contends that 44.5 hours for Louis I. Mussman, Esq. ("Mussman"), Plaintiff's

lead counsel, incurred in connection with Plaintiff's motion is excessive given the "straight forward" and uncomplicated issues presented by Plaintiff's motion, see Dkt. 55 ¶ 7, and that the 4.1 hours claimed for Brian T. Ku ("Ku"), Mussman's co-counsel, should be disallowed as Ku has not formally appeared in the action. *Id.* ¶ 4. Defendant also contends that any award be limited to time incurred in preparing Plaintiff's motion and objects to any award for Mussman's time expended in communicating with Defendant's attorney pursuant to Fed.R.Civ.P. 37(a). *See* Dkt. 4 ¶¶ 8-11. Plaintiff's Request also includes 1.2 hours for Mussman's preparation of Plaintiff's Request to which Defendant does not object.

It is well-established that in awarding expenses pursuant to Fed.R.Civ.P. 37(a)(5)(C), courts determine a "lodestar amount" which is the product of a reasonable hourly rate for the attorney who worked on the motion and a reasonable number of . . . [hours] expended on the litigation of the motion plus reasonable expenses incurred in producing the motion." *Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1457881, at *2 (W.D.N.Y. Apr. 14, 2016) (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.,* 2011 WL 5326259, at *2 (W.D.N.Y. Nov. 3, 2011) (citing *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011))). "In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed." *Robbins & Myers, Inc.*, 2011 WL 5326259, at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The prevailing party's fees and expenses incurred in connection with the preparation and defense of its attorney's fees award may also be awarded. *Id.* (citing caselaw). A prevailing party's reasonable expenses may also include a reasonable amount of time required to communicate with

an opponent in accordance with Fed.R.Civ.P. 37(a)(1) as a prerequisite to a successful motion to compel. *See Roth v. 2810026 Canada Limited, Ltd.,* at *1 (W.D.N.Y. Apr. 12, 2017) (time expended by defendant's attorney communicating with plaintiff's attorney preliminary to defendant's successful motion to compel reimbursable expense under Rule 37(a)(5)(C)); *Scott-Iverson*, 2016 WL 1457881, at *3 (time expended by defendant's attorney in "series of communications" with plaintiff's attorney in compliance with Rule 37(a)(1) may be included in fee award to defendant as prevailing party of defendant's motion to compel); *Thalheim v. Thalheim*, 124 F.R.D. 34, 38 (D.Conn. 1988) (time expended by plaintiff's attorney in attempting to resolve discovery dispute including letters, phone calls, and conferences with opposing counsel, drafting motions to compel, supporting papers, researching and writing supporting memorandum qualify as reimbursable expenses). Defendant's contrary assertion is, accordingly, without merit. In making such awards, courts consider whether a reasonable attorney would in similar circumstances expend a similar number of hours as requested by the prevailing party, *see Star Direct Telecom, Inc. v. Global Crossing Bundwith, Inc.*, 2012 WL 2992629, at *4 (W.D.N.Y. July 20, 2012) (court must audit hours claimed to determine whether "reasonably expended"), and will, in its discretion, reduce the amount requested by an across-the-board percentage for any time it finds as unnecessary or redundant given the complexities of the issues raised by the motion and as a means to "trim fat from a fee application." *Hines v. City of Albany*, 613 Fed.Appx. 52, 54 (2d Cir. 2015) (citing caselaw); *see Scott-Iverson*, 2016 WL 1457881, at *2 (citing caselaw) (reducing fee application by 15%); *Robbins & Myers, Inc.,* 2011 WL 5326259, at *5 (reducing fee award by 50% where defendant's motion given low amount of legal

research involved and routine nature of motion). Here, Plaintiff's motion raised two discovery issues relating to Defendant's financial ability to comply with ADA standards applicable to Defendant's shopping mall customer access, and Plaintiff's Requests for Admissions seeking information regarding Defendant's compliance with such standards.

Plaintiff's motion consisted of a 12 page memorandum of law, an affidavit of counsel, and nine exhibits (Dkt. 28); and Plaintiff's reply was a six page brief (Dkt. 32) together with two exhibits. Plaintiff's basic legal argument included emphasizing that the requested information regarding Defendant's financial capacity was made relevant by the ADA itself and that Defendant's argument that Plaintiff was required to establish the economic feasibility of the alleged required modifications was prerequisite to Plaintiff's standing to seek discovery was meritless. Plaintiff also effectively rebutted Defendant's asserted objection to Plaintiff's Requests for Admissions that Plaintiff's request sought legal opinions beyond the proper scope of a Request to Admit pursuant to Fed.R.Civ.P. 36(a)(1)(A). As such, Plaintiff's motion was fairly uncomplicated and Plaintiff's contentions did not require a substantial legal analysis or research. Plaintiff's eight page opposition to Defendant's response to the court's order to show cause why sanctions should not be awarded properly explained the criteria upon which a fee award pursuant to Rule 37 is to be based. *See* Dkt. 44. Thus, upon this record, the court finds Plaintiff's Request, insofar as it requests expenses based on 48.6 hours for two attorneys, is excessive. Accordingly, the court, in its discretion, reduces Plaintiff's Request by one-third or 33⅓% for a total of 32.4 hours (rounded). Multiplied by the $300 per hour billing rate, to which Defendant does not object, results in a Plaintiff's Request award of $9,720.

## CONCLUSION

Based on the foregoing, Plaintiff's Request in the amount of $9,720 is GRANTED. Defendant and Defendant's attorney shall tender their respective checks in equal shares of the amount awarded, as determined by the court in accordance with Rule 37(a)(5)(A), see Decision and Order dated August 21, 2017, Dkt. 50, at 7, <u>within 30</u> <u>days</u>.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 5, 2017
       Buffalo, New York