UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER E. BROWN,

                              Plaintiff,

                                                          Case # 15-CV-1044-FPG

v.

                                                           ORDER

MCKINLEY MALL, LLC, et al.,

                              Defendants.

Plaintiff Christopher E. Brown brings this discrimination action against Defendant McKinley Mall, LLC ("McKinley"), and Frederick J. Meno (the "Receiver"), alleging that architectural barriers in the mall inhibited his enjoyment of the property. ECF Nos. 1, 94. His claims arise under, *inter alia*, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* Plaintiff now moves to stay proceedings during the pendency of a foreclosure action against McKinley Mall, LLC. ECF No. 105. He argues that a stay is proper because until the foreclosure action is resolved, ownership of and responsibility for the property remains in limbo. The Receiver opposes Plaintiff's motion, asserting that he is an improper defendant because his involvement in the property is limited to the foreclosure. Plaintiff consents to the Receiver's dismissal (without prejudice) from the action. ECF No. 110 at 3. For the following reasons, Plaintiff's motion to stay is GRANTED.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Reynolds v. Time Warner Cable, Inc.*, No. 16-CV-6165, 2017 WL 362025, at *2 (W.D.N.Y. Jan. 25, 2017) (internal brackets omitted). The court looks at five factors in deciding whether to stay proceedings:

1

(1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.*

Looking at these factors, the Court concludes that a stay is appropriate. Because McKinley is now prohibited from modifying the property under the state foreclosure order, Plaintiff cannot obtain the injunctive relief he seeks. A stay thus ensures that Plaintiff will be able to obtain meaningful relief against the proper defendant once the property's ownership is determined. Conversely, McKinley will suffer no prejudice insofar as it will no longer need to spend time and money defending itself in this litigation until its rights in the property are definitively resolved. The Receiver will clearly suffer no prejudice by his dismissal from the action. Judicial economy is also served because the Court will not be in a position to move this litigation forward until the foreclosure proceedings are complete.

Therefore, this matter is STAYED until the completion of the state foreclosure proceedings against McKinley Mall, LLC. Plaintiff must file a notice with the Court by January 3, 2020 concerning the status of the foreclosure proceedings. The status conference set for August 15, 2019 is cancelled. The claims against Frederick J. Meno are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to terminate Meno as a party and stay this case.

IT IS SO ORDERED.

Dated: July 30, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court